Chief Justice Boyle

delivered the opinion of the court. This was an action of ejectment. On the trial, after the plaintiff had exhibited the patent of the commonwealth to William Shannon for the land in controversy, and had produced evidence conducing to prove that William Shannon, the patentee, was the son of William Shannon, senior; that the plaintiff, John Shannon, was the eldest brother -of the patentee; that the patentee was killed by the Indians in 1782; that William Shannon, his father, died in a year or two thereafter, leaving John Shannon, the plaintiff; his eldest son; and after it had also appeared in evidence that Hugh Shannon, a younger brother, had, in the year 1784, settled upon the land in controversy, claiming it as his own, and had used and sold part thereof; that for 20 years or upwards, John Shannon had been in habits of intimacy with his brother Hugh Shannon, and was fully ap-Íirisedof his claiming and selling said land ; the attorney or the defendant asked a witness whether said Hugh Shannon had not latterly become insolvent, avowing his object to be to prove by that and other circumstances, a collusive destruction of a writing evidencing a transfer of said land, betwixt the plaintiff and Hugh Shannon^, to the asking and answering of which question, the plaintiff objected ; but the court overruled the objection, and instructed the witness to answer the question, to which the plaintiff excepted.
Whether the court below erred in their decision of this point, is the first question which is necessary to be determined.
The objection to the evidence is grounded merely upon its supposed irrelevancy. There is no question that in strict propriety the parties should confine their evidence to the matters in issue, and that proof wholly foreign to such matters, is inadmissible; but to sustain an objection to evidence merely on the ground that it is irrelevant, it ought to appear to be so beyond all doubt, for it is a settled rule in all cases where the competency of evidence is doubtful, to admit it to go to the jury, leaving them to determine as to the weight to which it shall be entitled, and this rule Ought to apply with peculiar force to a case like the pro, *4 ¾⅞⅞†, where the objection to the evidence is founded solely 011 *ts irrelevancy. When tested by this rule, we apprehend the evidence admitted by the court below, will not be found to be so clearly irrelevant as to justify its exclusion.a The lapse of time, together with the accompanying circumstances, certainly affords a ground upon which the jury might presume a transfer in writing to have been executed either by the patentee or the plaintiff, to Hugh Shannon, and to strengthen this presumption, it could not *mProPer to account for the non-production of such a transfer. Circumstances, therefore, tending to create a presumption, that it had been destroyed by the collusion of Hugh Shannon, would, no doubt, be adpiissable, ami as circumstances having that tendency, would, in our apprehen-jjpn, be more readily credited, by a jury who were informed that he had become insolvent, we cannot sav that the proof of his insolvency was so utterly irrelevant as to justify its exclusion. '
C rcumstan-cp.s f.-om •v!’.e.nc® ti,^e aumo"^feet material to should be!'-ft ⅛ them.
^opTnit’s ófentry ru-cci not cor-v+rtc in 0⅜ person or be held under _ the theevvhoi80r time if t.Kv’re has been 2 ) \e*r$vn‘in‘er~ rviilcd ail--rst-te posse’sion, by or many sons, tinder one or more fule», it h su®CjeRt-
*4 "The only other question presented by the case is, whether the statute of limitation was a bar to the plaintiff’s recovery. It appears' that there was a continual adverse possession for more than twenty years, but that Hugh Shannon,, who first took the possession of the land in controversy before he had remained in possession twenty years, surrendered the possession to the defendants or those under whom they held, in pursuance of a decree entered upon an award giving them the land in virtue of an adverse claim; and that they had not had the land in possession 20 years to the commencement of this suit,
The circumstance, it is urged on the part of the plain-^ff, prevents the statute from operating as a bar to his recovery. But we cannot perceive any principle upon which it ^ave SUC’J an effect.' According to'the literal import the statute, the plaintiff could only enter upon the land ivithin twenty years after his right Of entry accrued, and, consequently, an adverse possession for that length of time, toll his right. Nor can it, in the reason and nature *5 pi the thing, produce any difference, whether the posses-fion be held uniformly under one title or at different times wider different titles, provided the claim of title be always adverse to that off the plaintiff, nor whether the possession be held by the same or a succession of individuals, provi-ied the possession be a continued and uninterrupted one. b
Bibb and Hardin for appellant, Pope for appellee.
Judgment must be affirmed, with costs.

 In action brought against a person, charging him A fraud, ^ro,n! racre circumstances, evidence of genual character is relevant anc^ admissible — vide Ruan vs. Perry, 3d Caine’s Reports, 120.
In an aciion for slander, the pl’tf may give his own standing in sc. in evidence to enhance the damages, and the def’t may avail of evidence of the same kind to mitigate them; in both ca, fees, tha evidence is relevant to the general issue — 3d Mass. Reports, pa. 546, Larned vs. Buffington.

 The' confession of "lease, entry and ouster,” is confined to the confession of such entry as will give a- right to the action, and does hot extend to such entry as will regain and revest possession. — 1st Harris & M’Henry’s Rep, 273, Holt’s Lessee vs. Smith.
.Adverse possession to be availing, must be continued open and visible -1 Mass. Rep. 483.
A tenant entering under a lease, holding over is not an adverse possession. — 1 Caine’s Term Rep. 394.
‘ It is presumed, a tenant holding over more than two years after the expiration of his lease, is yet liable to a warrant of forcible de-tainer. — Kent. Rep.
To make a claim of adverse possession availing, it must be adverse atttbe commencement and continue so uninterruptedly the necessary length of time. — Walker vs. Ogden, 1 Johnston’s Rep. 156.
If a person enters under an agreement to purchase and then sells to another, the possession of that other is not hostile.—Griswold vs. Bard, 4 Johnston's Rep. 230.
If the original possession is hostile, verbal overtures to purchase an overhanging title, dees not render the possession arfucafale to that title.— Vide post, Daniel vs. Ellis, pa. — vide also the case of Gay and Moffit, where the agreement to hold under Muffit was of a description, to be decreed underthe stat. of frauds
An elder outstanding title, where the right of entry is tolled, cannot be set up by a deft in ejectment. — Klock’s Lessee vs. Hudson, 3d Johnston, 375.
An elder outstanding title in a stranger, cannot be set up by a defendant, where there has been 20 years adverse uninterrupted possession. — Duncan’s Lessee vs. Harden, 4th Johnston's Rep. 202.
Vide post, Colston vs. M’Vay. — An. elder outstanding title, where the entry ts not tolled, is a good defence in an ejectment, to show thfe pl’tf has no right of entry.