**James Monroe BARHAM, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 4013.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1965.

Rehearing Denied Jan. 14, 1966.

Orville A. Harlan, Houston, for appellant.

Joe Resweber, County Atty., Bruce D. Mosier, Houston, for appellee.

WALTER, Justice.

James Monroe Barham filed suit against the Texas Department of Public Safety for a declaratory judgment and for injunctive relief. He alleged that on June 29, 1964, he was convicted of the offense of driving a motor vehicle while intoxicated; that at his request his appeal from such conviction was dismissed on January 27, 1965; that the Department suspended his license on January 29, 1965, being the date when the mandate was issued; that he contends that June 29, 1964, is the date of his final conviction; that he seeks a declaratory judgment as to the date a misdemeanor conviction becomes final and as to the validity of the administrative order suspending his license effective January 29, 1965.

The Department answered and asserted that Barham's license was suspended under Section 24(a) (2), Article IV of Article 6687b, Vernon's Ann.Civ.St.; that the Court of Criminal Appeals dismissed his appeal on January 29, 1965, based upon Barham's motion; that such conviction was abated during the appeal and that judgment became final upon dismissal of the appeal.

The court found that the judgment of conviction became final on January 29, 1965, and the automatic suspension of Barham's license became effective on that day and not before.

Barham has appealed. The Department's motion to dismiss the appeal because appellant's brief does not contain a statement of the points upon which the appeal is predicated and does not direct the attention of the court to the error relied upon has given us some concern. Nevertheless, under the authority of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, we have decided to consider the appeal.

Section 24(a) (2) of Article 6687b, V.A. C.S. provides:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

\* \* \* \* \* \*

2. Driving a motor vehicle while under the influence of intoxicating liquor \* \* \*."

When does a conviction become final within the meaning of said Article? This court answered that question in Hays v. Department of Public Safety, 301 S.W.2d 276, (error dis.). Speaking of Article 6687b, Section 24(a), subdivision 2, the court said:

"This statute has been interpreted to mean exactly what it says, that is, that upon the final conviction of any person of the offense of driving a motor vehicle while intoxicated his license is automatically suspended. It is not necessary for the suspension to be provided for in the judgment. Gilbert v. State, Tex.Cr.App., 212 S.W.2d 182; Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167 (Writ Ref.). The suspension is not conditioned upon the surrender of license as directed by Section 25 of the statute, nor upon the date a defendant begins serving the jail sentence provided by the judgment. The automatic suspension begins when the judgment of the conviction becomes final. The question is when the judgment became final.

It is held in civil cases that a judgment becomes final when the Supreme Court refuses a petition for writ of error, or at least when the time for filing a motion for rehearing thereon has expired. Continental Gin Co. v. Thorndale Mercantile Co., Tex.Com.App., 254 S.W. 939; Rittenberry v. Capitol Hotel Co., Tex.Civ.App., 69 S.W.2d 491 (Writ Ref.).

\* \* \* \* \* \*

For the purposes here involved the judgment in question became final when it was affirmed by the Court of Criminal Appeals and the time for filing a motion for rehearing had expired."

We hold that a judgment of conviction for the offense of driving an automobile on a public highway while intoxicated which has been appealed becomes final when the appeal is finally determined by the Court of Criminal Appeals.

The judgment is affirmed.