**Philip Davis ALLEN, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 7769.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 22, 1966.

Orville A. Harlan, Houston, for appellant.

Gus Drake, Joe Resweber, Houston, for appellee.

CHADICK, Chief Justice.

This is a declaratory judgment action. The judgment of the trial court ascertained and declared a conviction in a criminal case became final April 9, 1965. The judgment is affirmed.

The appellant herein, Philip Davis Allen, was convicted for the offense of driving a motor vehicle while under the influence of intoxicating liquor by judgment dated the 10th day of November, 1964, in a court of competent jurisdiction. An appeal in such case to the Court of Criminal Appeals was perfected. On April 7, 1965, the Court of Criminal Appeals at appellant Allen's request dismissed the appeal and thereafter on April 9, 1965, issued its mandate to the trial court.

The appellant herein as plaintiff instituted this action in the trial court. By appropriate pleading and proof the trial court was required to make a determination and accordingly did determine that the conviction in question became final April 9, 1965, and not, as contended by Allen, at the earlier date of November 10, 1964, the date of the judgment of conviction in the trial court.

Two cases dealing with a final conviction, as the term is used in the Civil Statutes, [Vernon's Ann.Tex.Rev.Civ.Stat. art. 6687b, § 24(a), par. 2, (1960)] have been cited. In both the facts are similar to those presented by the instant record, with the exception that the mandate of the Court of Criminal Appeals issued after that court had disposed of the pending appeals by judgment on the merits, whereas, in this instance the appeal was disposed of in the Court of Criminal Appeals by a judgment of dismissal on Allen's motion therefor. The cases referred to are Hays v. Department of Public Safety, 301 S.W.2d 276,

(Tex.Civ.App.-Eastland 1957, err. dism'd); Barham v. Texas Department of Public Safety, 398 S.W.2d 168 (Tex.Civ.App.-Eastland 1966, no writ).

The Penal Code, [Vernon's Ann.Tex. Pen. Code art. 802 (1961)], prohibits any person from driving a motor vehicle upon a public street, road, etc., while under the influence of intoxicating liquor and provides a penalty for violation. The Civil Statutes, [Tex.Rev.Civ.Stat. Ann. art. 6687b § 24(a), par. 2, (1960)] directs that the license of an operator, commercial operator or chauffeur, as those terms are defined in Art. 6687b, shall be automatically suspended for a period of time stated therein upon final conviction of the offense prohibited by the mentioned Penal Code Article 802. Appellant Allen raises the legal proposition that his license as an operator was automatically suspended for a six months period immediately following the date of his conviction in the trial court by the provision of Art. 6687b, § 24(a), par. 2, and that subsequent appeal from the conviction, and action thereon, did not postpone the date suspension began.

 The Code of Criminal Procedure in effect when Allen was convicted and his appeal was dismissed, [Tex. Code Crim.P. Anno. art. 828 (1925)]* provides that the filing of the appellate record in the Court of Criminal Appeals suspends and arrests all further proceedings in the trial court until the Court of Criminal Appeals' mandate is returned to the trial court. No language of the several sections of Civil Statutes Art. 6687b expressly states that the license of an operator, etc., shall be suspended during the pendency of an appeal to the Court of Criminal Appeals "upon a final conviction in a trial court" for driving a motor vehicle while under the influence of intoxicating liquor. The previously mentioned section of the statute simply provides for automatic suspension of the license "upon final conviction".

Settled rules of statutory construction require that Code of Criminal Procedure Art. 828 and Revised Civil Statute Art. 6687b § 24(a), par. 2, be harmonized, if possible, in such way as to give effect to each enactment and avoid conflicts between them. 53 Tex.Jur.2d "Statutes", § 186 (1964). Thus correlated, it appears that the legislative intent of Art. 6687b § 24(a), par. 2 is that a "final conviction", as the term is used therein, is a judgment of conviction from which an operator, convicted of driving while under the influence of intoxicating liquor, has exhausted his right to appeal. Dismissal of Allen's appeal by the Court of Criminal Appeals terminated his right of appeal. The date the Court of Criminal Appeals' mandate was received by the trial court is the date the trial court's judgment became final for the purpose of Art. 6687b § 24(a), par. 2; under this record that date is April 9, 1965.

The judgment of the trial court is affirmed.

---

* Now Vernon's Ann.Tex.Code Crim.P. art. 44.11. (1966).