

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 28, 1989

Honorable Abelardo Garza
Duval County Attorney
P. O. Drawer M
San Diego, Texas    78384

Opinion No. JM-1090

Re: Authority of a county judge to sell prescription drugs to indigents for reimbursement by the county (RQ-1696)

Dear Mr. Garza:

You state that the county judge of Duval County is a licensed pharmacist who owns the only drug store in the City of Freer in Duval County. Aside from this pharmacy, the nearest pharmacies in the county are 25 and 27 miles from Freer. Before the county judge assumed office, indigent persons used vouchers approved by the county welfare department to buy medicines from his drug store, and he submitted them to the county for payment. See Local Gov't Code § 115.021 (commissioners court shall audit and settle all accounts against the county and direct their payment). You ask whether the pharmacist may continue to provide medicines to indigent persons for reimbursement by the county now that he is county judge.

Section 81.002 of the Local Government Code provides in part:

> (a) Before undertaking the duties of the county judge or a county commissioner, a person must take the official oath and swear in writing that the person will not be interested, directly or indirectly, in a contract with or claim against the county except:
>
> (1) <u>a contract or claim expressly authorized by law</u>; or
>
> (2) a warrant issued to the judge or commissioner as a fee of office.
> (Emphasis added.)

p. 5701

Local Gov't Code § 81.002. The underlined language in the above provision was added by a 1981 amendment to article 2340, V.T.C.S., now recodified as section 81.002 of the Local Government Code. Acts 1981, 67th Leg., ch. 527, § 3, at 2230 (amending V.T.C.S. art. 2340 (1925) (repealed 1987)).

Prior to the 1981 amendment, article 2340, V.T.C.S., and its predecessors incorporated the strict common law policy which prohibits contracts between a governmental body and a private entity in which a member of that body is interested. See, e.g., Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.) (invalidating contract entered into in violation of article 2340, V.T.C.S.); see also Knippa v. Stewart Iron Works, 66 S.W. 322 (Tex. Civ. App. 1902, no writ) (commissioner may not enforce an assignment of a contractor's claim against the county). The 1981 enactment which added the underlined exception to article 2340 also adopted article 988a, V.T.C.S. This provision, now codified as section 271.902 of the Local Government Code, authorizes a county to make purchases from a cooperative association even though one or more members of its governing body belong to it and might indirectly benefit from the purchase through increased dividends. Acts 1981, 67th Leg., ch. 527, § 1, at 2229; see Attorney General Opinion H-624 (1975) (article 2340, V.T.C.S., barred county from contracting with a cooperative in which a commissioner had a small interest). The exception added to article 2340 ensured that counties would get the benefit of the legislative change in the common law. See Bill Analysis, H.B. 450, 67th Leg. (1981). The exception was, however, stated in expansive terms and was not limited to a county's transactions with a cooperative.

In 1983 the legislature adopted article 988b, V.T.C.S., now codified as chapter 171 of the Local Government Code, establishing financial disclosure and recusal requirements for a local public officer who has a substantial interest in a business entity that will receive an economic benefit from an official action by the governmental body on which the officer serves. Local Gov't Code §§ 171.003, 171.004. See Acts 1983, 68th Leg., ch. 640, at 4079. An official who knowingly fails to comply with these requirements commits an offense punishable as a Class A misdemeanor. Local Gov't Code § 171.003. A violation of chapter 171 does not make the action of the governing body voidable unless it would not have been approved without the vote of the person who violated the chapter. Local Gov't Code § 171.008 (renumbered as section 171.006 by Acts 1989, 71st Leg., ch. 1, § 40, at 46).

This enactment thus modifies the strict common-law rule which would have invalidated those governmental actions even if the interested official had not participated. See Local Gov't Code § 171.007 (as amended, Acts 1989, 71th Leg., chapter 1, at 47, incorporating into chapter 171 an amendment to art. 988b, V.T.C.S., adopted by Acts 1987, 70th Leg., ch. 362); see also Attorney General Opinion JM-424 (1986). Instead, it permits the transaction but forbids the interested official from participating in it, enforcing these requirements by subjecting him to criminal liability for violations.

Chapter 171 defines "local public official" as follows:

> a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct . . . or other local governmental entity who exercises responsibilities beyond those that are advisory in nature. (Emphasis added.)

Local Gov't Code § 171.001(1).

The commissioners court is the governing body of a county. See Tex. Const. art. V, § 18. Members of the commissioners court are local public officials within chapter 171 and are subject to its provisions and procedures for transactions in which a member of the court has a substantial interest. In our opinion, chapter 171 authorizes the commissioners court to enter into a contract or approve a claim in which the county judge or a commissioner has a pecuniary interest, as long as it complies with the requirements of this legislation. The claim or contract which arises under authority of chapter 171 is "a contract or claim expressly authorized by law" within the exception to section 81.002 of the Local Government Code.

This construction of the two provisions is supported by the rule that statutes in pari materia should be construed together, giving effect to both, if possible. See, e.g., Duval Corp. v. Sadler, 407 S.W.2d 493 (Tex. 1966); Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); Allen v. Texas Dep't of Public Safety, 411 S.W.2d 644 (Tex. Civ. App. - Texarkana 1966, no writ). Both section 81.002 and chapter 171 of the Local Government Code deal with conflicts between a county commissioner's private economic interest and his official duty to participate in decisions on the

expenditure of county funds or the use of other county resources. As statutes on the same subject, they are to be construed together and any apparent inconsistencies are to be harmonized. See, e.g., Conley v. Daughters of the Republic, supra. Accordingly, a transaction that the commissioners court enters into in compliance with chapter 171 of the Local Government Code will not be invalid under section 81.002 even though the county judge has an economic interest in it. Transactions not authorized by chapter 171 or section 271.902 are still subject to section 81.002.[1] See Attorney General Opinions JM-1006 (1989); JM-927 (1988); Letter Opinion 88-127 (1988); see also Letter Opinion 88-40 (1988) (reserving question on whether chapter 171 applied to transaction).

Attorney General Opinion JM-855 (1988) stated that chapter 171 did not expressly authorize a county commissioner to contract with the county. This opinion determined that section 81.002 barred a county commissioner from leasing space from the county to operate a private business. The facts presented in Attorney General Opinion JM-855 indicated that chapter 171 would not apply to the lease transaction in any case. Thus, chapter 171 did not except that proposed transaction from section 81.002. The statements made by Attorney General Opinion JM-855 about the relationship of section 81.002 and chapter 171 of the Local Government Code should be limited to the fact situation addressed by that opinion and not applied to county contracts generally.

You suggest that section 171.005 of the Local Government Code prohibits the county judge from providing prescription medicines to indigent persons and seeking reimbursement from the county. This provision states as follows:

> The governing body of a governmental entity may contract for the purchase of services or personal property with a business

---

1. House Bill 1976 of the 71st Legislature amends section 81.002 of the Local Government Code to allow members of the commissioners court to serve as officers of certain other entities, subject to the provisions of chapter 171. This bill becomes effective on August 28, 1989. Acts 1989, 71st Leg., ch. 475, § 1, at 1647.

> entity in which a member of the governing body has a substantial interest if the business entity is the only business entity that
>
> (1) provides the needed service or product within the jurisdiction of the governmental entity; and
>
> (2) bids on the contract.

Local Gov't Code § 171.005 (repealed 1989). We need not consider whether the quoted provision would prohibit your transaction, because it was repealed in 1989.

In adopting the Local Government Code in 1987, the legislature recodified and repealed article 988b, V.T.C.S. Acts 1987, 70th Leg., ch. 149, §§ 1, 49(1). Section 5(a) of article 988b, V.T.C.S., was recodified as section 171.005 of the Local Government Code. The same legislature adopted an amendment to article 988b repealing the language quoted as section 171.005 and replacing it with an entirely different provision. Acts 1987, 70th Leg., ch. 362, § 5. In these circumstances, we apply the following rule from the Code Construction Act:

> The repeal of a statute by a code does not affect an amendment . . . of the statute by the same legislature that enacted the code. The amendment . . . is preserved and given effect as part of the code provision that revised the statute so amended . . . .

Gov't Code § 311.031(c). Accordingly, the provision set out as section 171.005 of the Local Government Code has been repealed and may be disregarded. The 71st Legislature has adopted a bill which incorporates into chapter 171 of the Local Government Code the amendments to article 988b, V.T.C.S., adopted by the 70th Legislature. Acts 1989, 71st Leg., ch. 1, § 40, at 45 (effective August 29, 1989). The language quoted above as section 171.005 does not appear in section 171.005 as adopted by the new bill or in any other provision of chapter 171 included therein. The county judge may provide medicines to indigent persons for reimbursement by the county in accordance with the provisions of chapter 171 of the Local Government Code as amended.

## S U M M A R Y

Chapter 171 of the Local Government Code applies to transactions between a county and the county judge or another member of the commissioners court. Transactions that are not subject to chapter 171 are still subject to section 81.002 of the Local Government Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General