**Stephen Kyle JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–99–0227–CR.**

Court of Appeals of Texas, Amarillo.

June 6, 2000.

Rehearing Overruled July 17, 2000.

Jeff Pierce, Plano, for appellant.

Tom O'Connell, Crim. Dist. Atty., Martin Leyko, Asst. Crim. Dist. Atty., McKinney, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

Following his plea of not guilty and waiver of a jury trial, appellant, Stephen Kyle Jones was convicted of driving while his license was suspended and punishment was assessed at 11 days confinement in the Collin County Jail and a fine of $100.[1] By two points of error, appellant contends the evidence is legally and factually insufficient to support the verdict. Based on the rationale expressed herein, we reverse and render a judgment of acquittal.

On July 27, 1998, following appellant's guilty plea and waiver of a jury trial, the presiding judge of County Court at Law No. 4 of Collin County found him guilty of possession of marijuana and signed a judgment placing him on community supervision for a period of 180 days. Then, on August 22, 1998, while driving a motor vehicle in Collin County, appellant was stopped for a traffic violation. After the officer was informed by radio that appellant's driver's license had been suspended, appellant was arrested and charged with driving while his license was suspended. On April 23, 1999, appellant was found guilty of the offense and punishment was imposed.

---

1. Tex. Transp. Code Ann. § 521.372 (Vernon 1999).

■ By his first point of error, appellant contends the evidence is legally insufficient to support the verdict. We agree. In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State*, 820 S.W.2d 154, 157 (Tex. Cr.App.1991). As an appellate court, we should uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Section 521.372 of the Texas Transportation Code provides in part:

(a) A person's driver's license is automatically suspended on *final* conviction of:

(1) an offense under the Controlled Substances Act;

(2) a drug offense; or

(3) a felony under Chapter 481, Health and Safety Code, that is not a drug offense.

(Emphasis added). Because the information charged that appellant's license was suspended pursuant to section 521.372, the State had to establish that appellant's conviction on July 27, 1998, for possession of marijuana was final. Although section 521.371(2) of the Transportation Code provides that the term "convicted" includes an adjudication under juvenile proceedings, the term "final conviction" is not defined.

At trial the State introduced a copy of the July 27, 1998 judgment finding appellant guilty of possession of marijuana. The judgment does not contain any recitation that would require the permission of the trial court for appellant to prosecute an appeal under article 44.02 of the Texas Code of Criminal Procedure Annotated (Vernon 1979). The State also introduced a copy of appellant's driver's license record showing that his license was automatically suspended on July 27, 1998 because of the drug conviction. Additionally, the State introduced a copy of a letter dated August 24, 1998, from the Texas Department of Public Safety to appellant advising him of the suspension of his license and demanding that he surrender his license. Appellant and his father both acknowledged that at his sentencing for the drug conviction the judge informed appellant that his driver's license "would be suspended"; however, they expressed uncertainty as to when the suspension would become effective. Although the evidence did establish appellant's drug conviction on July 27, 1998, no evidence was introduced that the conviction was final when appellant was arrested for driving with a suspended license on August 22, 1998.

■ Because section 521.372(a) provides for automatic suspension of a driver's license on "final conviction," we must determine whether appellant's July 27, 1998 conviction was final on August 22, 1998, when he was arrested for driving while his license was suspended. A conviction from which an appeal has been taken is not considered a final conviction until it is affirmed by the appellate court and that court's mandate becomes final. *Jones v. State*, 711 S.W.2d 634, 636 (Tex.Cr.App. 1986) (en banc). In *Jones*, the Court noted that where the defendant had announced his intent to appeal, the State had the duty to show the final disposition of the appeal. *Id.* Because the State did not make a *prima facie* showing of finality, it failed to sustain its burden of proof, and the defendant did not have any burden to complain about or object to the lack of finality of the alleged prior conviction. *Id.* Here, although the evidence introduced by the State did not indicate whether appellant had announced an intent to appeal, the State's evidence did show that at the

time of the charged offense, appellant's underlying conviction remained subject to appellate review.

Citing *Lugo v. Tagle*, 783 S.W.2d 815, 816 (Tex.App.—Corpus Christi 1990, no pet.), appellant contends that his conviction was not final, and therefore his license was not suspended. In *Lugo*, the court held that on appeal from a DWI conviction, the period of suspension begins when the appellate court's mandate is received by the trial court. Before *Lugo*, in *Allen v. Texas Department of Public Safety*, 411 S.W.2d 644, 646 (Tex.Civ.App.—Texarkana 1966, no writ), the court held that the term "final conviction" for purposes of driver's license suspension means a judgment of conviction where the operator has exhausted his right to appeal. In *Barham v. Texas Department of Public Safety*, 398 S.W.2d 168, 169 (Tex.Civ.App.—Eastland 1966, no writ), the court considered the question, "When does a conviction become final within the meaning of said Article?" [2] The court held that where a conviction has been appealed, it does not become final until the "appeal is finally determined by the Court of Criminal Appeals." *Id.*

■ Because a judgment may constitute a judgment of acquittal or a judgment of conviction, Tex.Code Crim. Proc. Ann. art. 37.12 (Vernon 1981), and section 521.372 contains the word conviction, for these purposes, we are not concerned with the distinction between a final judgment and an interlocutory judgment. Although the facts in *Jones, Lugo, Allen,* and *Barham* are not common, these cases support the proposition that a conviction is not final while it remains subject to appellate review. Based upon the notice by the Department of Public Safety to appellant, the Department considers the date of the judgment of conviction as the date of final conviction for purposes of section 521.372. However, such a construction does not contemplate that appellate review is available for at least thirty days from the date

of the judgment of conviction, Tex.R.App. P. 26.2, unless waived or otherwise not allowed. Being of the opinion that in the absence of a statutory definition to the contrary, uniformity of definition of the term "final conviction" is to be fostered, we conclude that because appellant's underlying conviction remained subject to appellate review at the time he was charged with driving while his license was suspended, his underlying conviction was not final. Accordingly, we sustain appellant's first point of error. Our sustension of appellant's first point pretermits our consideration of appellant's second point of error.

Accordingly, the judgment of the trial court is reversed and a judgment of acquittal is rendered. Tex.R.App. P. 51.2(d).

---

2. The court construed former section 24(a)(2) of Article 6687b, which contained the provi-

sion for automatic suspension "upon final conviction."