Stephen Kyle JONES, Appellant,

v.

The STATE of Texas.

No. 1768–00.

Court of Criminal Appeals of Texas.

June 19, 2002.

Jeff L. Pierce, Plano, for appellant.

Martin Leyko, Assist. DA, McKinney, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

COCHRAN, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, WOMACK, and HOLCOMB, J.J., joined.

In this case, the State asks whether a conviction is "final" for purposes of the mandatory driver's license suspension statute after a defendant pleads guilty and is sentenced, but before the time for filing a notice of appeal has expired.[1] We hold that, when there is no evidence that a defendant ever filed a notice of appeal, a conviction is deemed to be final on the date of sentencing. Therefore, we reverse the judgment of the Amarillo Court of Appeals which had reversed and acquitted appellant for the offense of driving with license suspended. *Jones v. State*, 21 S.W.3d 639 (Tex.App.-Amarillo 2000).

### I.

Appellant pleaded guilty to possession of marijuana on July 27, 1998. The trial judge sentenced him to ninety days in jail, probated for 180 days, and a fine of $350. The trial judge also told appellant that his driver's license would be automatically suspended for six months because he was convicted of a drug offense.[2]

Approximately three weeks later, on August 22, 1998, an Allen City police officer stopped appellant for running a stop sign. When the officer radioed for a check on

appellant's driver's license, the dispatcher told him that appellant's license had been suspended on July 27th. The officer arrested appellant for driving with a suspended license.

At appellant's bench trial on April 23, 1999, the State introduced a copy of the July 27, 1998, judgment and sentence for possession of marijuana. This document did not contain any notation concerning an appeal. The State also introduced a copy of appellant's driver's license record showing that his license was automatically suspended on July 27, 1998, through January 22, 1999. That document reflects that appellant had surrendered his driver's license to the Department of Public Safety ("DPS") on September 29, 1998, and it was returned to him by DPS on January 20, 1999. The State also introduced a copy of the order of suspension DPS sent to appellant on August 24, 1998.[3] Based on this evidence, the trial court found appellant guilty of driving with a suspended license and sentenced him to eleven days in jail and a $100 fine.

Appellant appealed, contending that the evidence was legally and factually insufficient because, when he was arrested for driving with a suspended license, he still had time left in which he could have appealed the drug offense. According to appellant, no conviction is "final" until either:

---

1. We granted the following grounds for review:
 1. When is a conviction final for the purpose of imposing a license suspension?
 2. In proving the finality of a conviction, what must the State show to meet its burden of proof?
2. Section 521.372(a) of the Transportation Code provides:
 (a) A person's driver's license is automatically suspended on final conviction of:
 (1) an offense under the Controlled Substances Act;

(2) a drug offense; or
(3) a felony under Chapter 481, Health and Safety Code, that is not a drug offense.

3. That letter began:
 Your Texas Driver License and/or driving privilege was AUTOMATICALLY SUSPENDED from 07–27–98 through 01–22–99 upon conviction for a DRUG OFFENSE in County Court, Cause Number 0048519497, COLLIN County, Texas.

1) the time for filing a notice of appeal has expired; or 2) the defendant has appealed and the mandate from that appeal has issued.

The Amarillo Court of Appeals agreed and stated: "we conclude that because appellant's underlying conviction remained subject to appellate review at the time he was charged with driving while his license was suspended, his underlying conviction was not final." [4] We granted review to determine whether a conviction which is not appealed, or for which there is no evidence that it is appealed, becomes final at the time sentence is imposed or only when the time period for any appeal has expired.[5]

## II.

As a part of its case, the State had to prove that appellant's driver's license was actually suspended at the time he was arrested on August 22nd. If the State failed in that proof, the evidence is legally and factually insufficient to support appellant's conviction and he is entitled to an acquittal. Section 521.372 states that the driver's license of a person with a "final conviction" for a drug offense is automatically suspended for 180 days, but the statute does not define the term "final conviction."

Thus, the two issues in this case are, under section 521.372: 1) when does a conviction become final if there is no evidence that an appeal was ever filed? and 2) what evidence must the State produce to meet its burden of proof to show that a conviction is final?

The State argues that, in the absence of evidence to the contrary, courts should presume the regularity of the trial court's judgment and records. Thus, because the record is silent as to any notice of appeal or other irregularity, appellant did nothing to rebut that presumption and the evidence is legally and factually sufficient to support the trial court's ruling that appellant's driver's license was suspended on July 27, 1998.

Appellant argues that, as a matter of law, the State failed to prove all elements of its case. Appellant contends that the issue presented is whether the judgment was final, not whether the judgment was regular on its face. Appellant notes that the State did not introduce any evidence that appellant had waived his right to appeal, thus the judgment of conviction did not become final until the time for any right to appeal had expired.

We have not previously addressed this question of the sufficiency of evidence to prove a "final conviction" in the context of Section 531.372 of the Transportation Code.[6] The present situation is analogous,

---

4. 21 S.W.3d at 642.

5. Normally, a defendant must file notice of appeal within 30 days after sentence is imposed, but if he files a motion for new trial, he need not give notice of appeal until 90 days after sentencing. TEX.R.APP. P. 26.2. However, in either instance, an appellant may request an extension of time in which to file notice of appeal if he makes a written request to the appellate court within 15 days after the deadline for filing the notice of appeal. TEX. R.APP. P. 26.3. Thus, there is no one single, set time period within which a criminal defendant must file his notice of appeal. That

time might vary anywhere from 30 to 105 days or more after sentencing.

6. Although not addressing precisely this issue, lower courts have held that where, as here, a statute provides for the suspension of a driver's license upon conviction of certain offenses, the statute is self-operative, and the license is automatically suspended upon a final conviction. *Gaddy v. Texas Dep't of Public Safety*, 380 S.W.2d 783, 785 (Tex.Civ.App.-Eastland 1964, no writ); *see also Texas Dep't of Public Safety v. Preble*, 398 S.W.2d 785, 787 (Tex.Civ.App.-Houston 1966, no writ). Further, the time of the suspension is not within

however, to the proof of final convictions in the context of punishment enhancements under Section 12.42 of the Penal Code.[7] The general rule, in that context, is that a conviction from which an appeal *has* been taken is not considered final until it is affirmed by the appellate court and that court's mandate becomes final.[8] Intermediate courts of appeals have stated that a conviction which is on appeal is not a "final" conviction, for purposes of the automatic suspension of a driver's license.[9] The automatic suspension of a driver's license is stayed during the pendency of an appeal.[10] Appellant argues that the automatic suspension of a driver's license should likewise be stayed during the time period for which a defendant *could* file an appeal. However, all of the intermediate courts of appeals cases that appellant relies upon involved actual appeals.[11]

 Here, the State provided ample evidence that appellant had been convicted of a drug offense on July 27, 1998, and nothing in the record suggests that appellant ever appealed that conviction. We have held that "[a]fter the State establishes that a defendant has been previously convicted, this Court will presume that a conviction is final when faced with a silent record regarding such."[12] Put another way, in the absence of evidence to the contrary, this Court presumes the regularity of the trial court's judgment and records.[13] Thus, when the State offers into

---

the discretion of any court or jury, nor is it conditioned upon a surrender of the operator's license. *Gaddy*, 380 S.W.2d at 785.

7. *See* Tex. Penal Code § 12.42 ("Penalties for Repeat and Habitual Felony Offenders"). Under that statute, this Court has held that a prior conviction entered just one day before defendant committed the primary offense may be used to enhance the primary offense as long as there is no evidence that notice of appeal was ever filed. *Woolsey v. State,* 166 Tex.Crim. 447, 449, 314 S.W.2d 298, 300 (1958) (rejecting defendant's contention that prior conviction for burglary entered on October 9, 1957, could not have been final on the next day, October 10, 1957, when defendant committed assault upon sheriff transporting him to TDC; because "[n]o notice of appeal is shown to have been given," conviction became final on date of sentencing).

8. *See Jones v. State,* 711 S.W.2d 634, 636 (Tex.Crim.App.1986) (stating that when defendant had announced his intent to appeal, State had burden to show final disposition of that appeal; "[t]he law is settled that a conviction from which an appeal has been taken is not considered to be a final conviction until the conviction is affirmed by the appellate court and that court's mandate of affirmance becomes final").

9. *See, e.g., Allen v. Texas Dep't of Public Safety,* 411 S.W.2d 644, 646 (Tex.Civ.App.-Texarkana 1966, no writ).

10. *See Sparkman v. State,* 997 S.W.2d 660, 666 (Tex.App.-Texarkana 1999, no pet.).

11. *See Lugo v. Tagle,* 783 S.W.2d 815, 816 (Tex.App.-Corpus Christi 1990, no pet.) (When defendant appeals his DWI conviction, the period of automatic license suspension begins when the mandate is received by the trial court); *Allen,* 411 S.W.2d at 646 (automatic suspension of defendant's driver's license for driving while intoxicated began when his appeal was dismissed and mandate issued); *Barham v. Texas Dep't of Public Safety,* 398 S.W.2d 168, 169 (Tex.Civ.App.-Eastland 1966, no writ) (when conviction has been appealed, automatic driver's license suspension begins "when appeal is finally determined by the Court of Criminal Appeals").

12. *Johnson v. State,* 784 S.W.2d 413, 414 (Tex.Crim.App.1990); *see also Johnson v. State,* 583 S.W.2d 399, 403 (Tex.Crim.App. 1979).

13. *See Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1985) (op. on reh'g). In *Breazeale,* we stated:

this Court will indulge every presumption in favor of the regularity of the documents in the trial court. This means that the recitations in the record of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity. *Id.* (internal citations omitted).

evidence a certified copy of a judgment and sentence, it has made a prima facie case that the conviction reflected within that judgment and sentence is a final conviction worthy of respect.[14] That evidence is legally and factually sufficient to prove that a prior conviction is a final conviction absent any evidence to the contrary.[15] If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact.[16] Once the defendant offers that evidence, the State must prove, beyond a reasonable doubt, that the conviction has been affirmed and the mandate has issued.

Appellant contends that this general rule does not apply in the present case because here the judgment shows, on its face, that it was not final on the day appellant was arrested as he still had sufficient time to appeal the drug conviction if he chose to. Appellant is correct in stating that, on August 22nd, when he was arrested for driving with the suspended driver's license, he still had time in which to file an appeal.[17] However, there is no

**14.** *Id.; see also Archer v. State,* 607 S.W.2d 539, 541 (Tex.Crim.App.1980) (panel op.) (judgment and sentence offered by State did not indicate that notice of appeal was given, thus evidence was sufficient to support finality of prior conviction), *overruled on other grounds by Wilson v. State,* 977 S.W.2d 379 (Tex.Crim.App.1998); *Johnson v. State,* 583 S.W.2d 399, 403 (Tex.Crim.App.1979) (panel op.) ("[o]nce the State introduces such prima facie evidence of a final conviction, the defense has the burden of proving that the conviction was not final"; when defendant failed to offer evidence of an appeal, evidence sufficient to support finality of conviction).

**15.** *Archer,* 607 S.W.2d at 541; *Johnson,* 583 S.W.2d at 403; *Ashley v. State,* 527 S.W.2d 302, 305 (Tex.Crim.App.1975) ("when a conviction appears to be final on its face, as here, the burden of showing the same to be not final is on the defendant"). In *Acosta v. State,* 650 S.W.2d 827, 833 (Tex.Crim.App.1983), this Court quoted a treatise selection favorably:

"Once the state has made a prima facie case, the burden then shifts to the defendant. It has been held that the defendant has, generally, a burden to sustain his assertion that he had received a pardon, that the judgment had been set aside, that a new trial had been granted in the prior case, or that an appeal had been taken therein, or that the judgment of conviction relied on for enhancement purposes is void. These burdens do not, ordinarily, fall on the state...."

*Id.* (quoting 25 Tex. Jur.3rd, Crim. Law, § 3716, p. 752).

**16.** *Carter v. State,* 510 S.W.2d 323, 324 (Tex. Crim.App.1974); *Arbuckle v. State,* 132 Tex.

Crim. 371, 381–82, 105 S.W.2d 219, 224 (1937) (Lattimore, J., dissenting).

**17.** As noted above, he could have filed notice of appeal on or before August 26, 1998. Alternatively, he could have filed a motion for new trial on or before August 26th and then filed notice of appeal at any time prior to October 25, 1998. Or he could have requested an extension of time in which to file notice of appeal any time before September 10, 1998. Thus, the date upon which all right to appeal is exhausted is a moveable feast.

The court of appeals in this case had stated that:

Being of the opinion that in the absence of a statutory definition to the contrary, uniformity of decision of the term "final conviction" is to be fostered, we conclude that because appellant's underlying conviction remained subject to appellate review at the time he was charged with driving while his license was suspended, his underlying conviction was not final.

21 S.W.3d at 642. We, too, are interested in the uniformity of decision. But a rule that a conviction is final on the date of sentencing unless there is some indication that an appeal has been filed is a much easier "bright line," subject to more uniform application, than a rule which states that a conviction is not final until all permissible time for an appeal has elapsed. That rule would require DPS to check on the status of each and every conviction to determine whether a motion for new trial has been filed, an appeal has been filed, or a motion for an extension to file notice of appeal has been filed.

evidence in this record that he did, in fact, file an appeal of the drug conviction. Although the wish may be father to the thought, the possibility of a future appeal is not the fact of a present appeal. The right to take an appeal does not equal the pendency of an appeal.[18]

Thus we hold that, for purposes of section 521.372 of the Transportation Code, a conviction which appears to be regular, valid and final on its face, does not lack finality merely because the defendant still has an opportunity to appeal that conviction. The evidence is legally and factually sufficient to support a prima facie finding of a final conviction for purposes of section 521.372 once the State offers a judgment and sentence which appears to be final on its face. Only when there is evidence that the defendant actually perfected an appeal is the conviction deemed to be lacking finality.

In the present case, the State offered legally and factually sufficient evidence to prove a prima facie case that appellant's drug conviction was final. The appellant offered no evidence that the conviction had been appealed. Therefore, the evidence was legally and factually sufficient to prove that appellant's driver's license was automatically suspended on July 27, 1998. We affirm the judgment of the trial court.

KEASLER, J., filed a dissenting opinion, in which PRICE, JOHNSON, and HERVEY, J.J., joined.

KEASLER, J., filed this dissenting opinion, in which PRICE, JOHNSON and HERVEY, JJ., joined.

## OPINION

Today the majority holds that a conviction becomes final the moment it is entered, before the time period for filing notice of appeal has expired. If the defendant subsequently files notice of appeal, that action will retroactively render his conviction non-final. But if he does not do so, his conviction remains final. In contrast, I would hold that a conviction, at the moment of its being entered, is just that— a conviction. It would not become a final conviction until the time period for appealing has expired.

### I.

Everyone agrees that, once notice of appeal is filed, a conviction is not final until the appellate court's mandate issues. The question is what to do with that "in-between" time period—the time period after conviction but before the deadline for appealing. The Court's rule creates a gray area for this time period, rendering a conviction's finality unclear. It can be final for part of this period and then become non-final retroactively. I believe a clearer rule would be for the conviction to remain non-final during this time period.

The issue before us can be illustrated with the following table and hypothetical case.

| | Mar. 1 | Mar. 3 | Mar. 5 | Mar. 7 | Mar. 31 | Apr. 10 | Apr. 15 |
|---|---|---|---|---|---|---|---|
| Abe | Drug conv. | files NOA | Driving | | | Driving | |
| Betty | Drug conv. | | Driving | files NOA | | Driving | |
| Chris | Drug | | Driving | | deadline | | Driving |

18. Suppose, however, appellant had filed a timely notice of appeal immediately after he had been arrested on August 22, 1998. In that case, the automatic driver's license suspension would have been retroactively stayed during the pendency of his appeal. He then would have evidence that his conviction was not final on August 22nd.

| | conv. | | passes—<br>No NOA<br>filed | | |
| --- | --- | --- | --- | --- | --- |
| Denise | Drug<br>conv. | Driving | files<br>MNT | Driving | files<br>NOA |

On March 1, four friends are all convicted for possessing drugs. Abe files a notice of appeal on March 3. Then all four decide to drive their cars on March 5. On March 7, Betty files a notice of appeal. Chris never does file a notice of appeal. Denise files a motion for new trial on March 31. All four of them then drive again on April 10. Denise eventually files a notice of appeal on April 15.

Who is guilty of driving with a suspended license on March 5? Under the Court's opinion, Abe, Betty, and Denise are not guilty, but Chris is. Abe is not guilty because he filed his notice of appeal before he drove. At the time he was driving, his drug conviction was pending on appeal and therefore was not final. Betty and Denise are not guilty, too. Although their drug convictions were "final" at the time they were driving on March 5, their convictions were retroactively rendered non-final by their later decisions to appeal. Chris is guilty. His conviction was final when he was driving and it remained final—he never took any action to appeal.

Who is guilty of driving with a suspended license on April 10? Under the Court's opinion, the result is the same. Abe and Betty are not guilty because their convictions were on appeal and therefore not final at the time they were driving. Denise is not guilty because her conviction was retroactively rendered non-final by her subsequent filing of notice of appeal. Chris is guilty because he never took any action to appeal, so his conviction remained final.

Under my rule, what would happen? With regard to March 5, nobody is guilty. The time for filing notice of appeal has not yet expired, so nobody has a final conviction and nobody is guilty of driving with a license suspended. With regard to April 10, only Chris is guilty. For Chris, the time for filing notice of appeal has expired, and he has done nothing to appeal his case, so his conviction became final. The other three are not guilty. Abe and Betty have cases on appeal, and Denise has taken action to extend the deadline for filing notice of appeal in her case.

No matter which rule we adopt, there will always be some inconsistencies. But the latter rule seems more consistent to me than the former. I see no rational basis for treating Betty and Chris differently on March 5. Both have convictions and neither has filed notice of appeal, yet Betty will be not guilty because she later files notice of appeal, and Chris will be guilty because he does not do so.

By treating them differently, the Court enables a defendant to change his guilt for an offense after the offense has been committed. Though guilty on March 5, Betty's actions on March 7 render her retroactively not guilty. This simply does not make sense to me. In the same way that a defendant should know, at the time of his actions, whether or not he is guilty of committing a crime, the State should also know, at the time of the defendant's actions, whether or not that defendant is guilty of a crime. There ought not be a way for a defendant's guilt to change after the fact. A criminal offense must be finite, not fluid, changing after the date of commission. The defendant cannot be guilty one day and then do something later which retroactively affects his guilt on the date in

question. By giving defendants this power, the Court's rule encourages defendants to file frivolous notices of appeal after they are caught driving in order to render their prior convictions non-final. I would not adopt such a rule.

The Court's rule also results in there being no difference between a "conviction" and a "final conviction." Under my rule, all four defendants have a conviction on March 1, but nobody has a final conviction. Under the Court's rule, all four defendants have a conviction and a final conviction on March 1. Only later are some convictions rendered non-final. But it seems to me that, on the date of conviction, a defendant has just that—a conviction. There ought to be something extra required to convert a conviction into a final conviction. It should not simply "be" a final conviction immediately.

The practical effects of the majority's rule are this. Suppose the grand jury meets on March 6 and indicts Betty for driving with a suspended license on March 5. At the time the grand jury meets, the evidence demonstrates that Betty is guilty. Yet the next day, she files notice of appeal in her drug conviction, rendering that conviction non-final retroactively. As a result, she is no longer guilty of committing any offense on March 5, and the court acquits her of that offense on April 30. Then, six months later, Betty's drug conviction is affirmed and mandate issues. Her drug conviction is now final once again. She was, essentially, "guilty" of driving with a license suspended for a day, "not guilty" of that offense for six or seven months, and now she is guilty of it once again. This is true even though the facts of the offense— her driving a car on March 5 after being convicted on March 1—never changed. Nevertheless, although she is now "guilty" once again, the State cannot re-prosecute her. Jeopardy attached from the first pro-

ceeding and she was properly acquitted under the majority's rule.

Suppose the trial court rejects Betty's defense and she is convicted on April 30 of driving with a suspended license. Her appeal in that case, for whatever reason, moves faster than her appeal of the drug conviction. The appellate court issues its opinion in four months, reversing her conviction of driving with a suspended license because her drug conviction was rendered non-final retroactively by the subsequent filing of notice of appeal. Then, two months later, the appeal in the drug conviction is affirmed. Once again, the drug conviction has become final and valid, but the driving with a suspended license conviction has been reversed on appeal anyway, and the State may not re-indict.

Given these possibilities, the practical effect of the Court's rule is that any wise prosecutor will wait to bring his allegations before the grand jury until the time period for filing notice of appeal has expired, so as not to run the risk of losing a perfectly valid conviction. And if this is the practical effect, then why not simply define a "final conviction" for purposes of the statute as not occurring until the time period for filing notice of appeal has expired?

Admittedly, my rule has some problems as well. The facts of this case indicate that DPS is routinely suspending drug defendants' drivers licenses upon their conviction. But under my rule, all four individuals in the hypothetical above are free to drive after their drug convictions for at least thirty days. If they file a notice of appeal or motion for new trial, their free-drive period is extended. My rule would require either the court or the prosecutor to inform DPS when a defendant's conviction becomes final. Rather than relying on the date of conviction, DPS would have to wait until it received notice that the conviction was final, and then suspend the

driver's license. Although this would somewhat complicate matters, I cannot believe that this would create chaos in today's world of computers. Presumably, a computer program could be developed with relative ease which would notify DPS upon a conviction's becoming final.

Another potential problem with my rule is, as the majority points out, the fact that any given drug conviction will have a different date of finality depending on whether the defendant files a motion for new trial or is granted any extension of time. But this is not really any different than the majority's rule. Under the majority's rule, a defendant will be able to render his conviction non-final retroactively by filing either a notice of appeal or a motion for new trial within 30 days. His conviction will then be rendered final once again on some unknown date, depending on whether his motion for new trial is granted or denied, whether he files a notice of appeal from a denial of his motion for new trial, and how long the appellate court takes to dispose of the appeal. At least under my rule, it is clear that on March 5, nobody has a final conviction. There are no retroactive applications of subsequent actions which will change that status quo.

## II.

How far will the Court's definition go? Although the Court does seem to limit its new definition of finality to the statute before us today, Transportation Code

§ 521.372,[1] I am nevertheless concerned that this definition will in the future be extended to other fact situations.

First, there are a number of other statutes in the Transportation Code which require the suspension of a driver's license upon final conviction.[2] It would seem that the Court's rule would apply to at least those statutes.

But what about enhancement provisions? In *Jordan v. State*,[3] delivered just last year, we stated that a prior conviction in which deferred adjudication had been granted was not a final conviction for purposes of Art. 42.12, § 15, because the defendant "still ha[d] time to file" a motion for new trial. The Court's opinion today conflicts with *Jordan*, so I am hopeful that it will be limited to the Transportation Code and not extended to cases involving enhancements.

What about habeas corpus? "After final conviction in any felony case," an individual may file an application for a writ of habeas corpus under Art. 11.07.[4] If applied to habeas, the Court's definition will allow an individual to file a habeas corpus application one day after his conviction, because his conviction becomes instantly final. Since jurisdiction in habeas corpus applications is determined at the time of filing,[5] we will have jurisdiction over the application. Then, if the defendant subsequently files notice of appeal, that notice will retroactively render his conviction

---

**1.** *Ante,* op. at 824.

**2.** *See, e.g.,* TEXAS TRANSPORTATION CODE § 521.320 (providing for suspension of license one year after final conviction under Penal Code § 28.08); § 521.341 (providing for automatic license suspension on final conviction of various offenses); § 521.3465 (providing for automatic license suspension on final conviction of certain offenses); § 521.3466 (providing for automatic license revocation on final conviction involving fraudulent govern-

mental records); § 521.349 (providing for automatic license conviction on final conviction under Penal Code § 31.03).

**3.** 36 S.W.3d 871, 876 n. 35 (Tex.Crim.App. 2001).

**4.** Tex.Code Crim. Proc. Art. 11.07, § 3(a).

**5.** *See Ex parte Brantley,* 574 S.W.2d 567 (Tex. Crim.App.1978).

non-final. What now? Have we lost jurisdiction retroactively? Or do we continue to have jurisdiction over a case which is now pending on appeal and no longer final? The majority's definition is problematic in any situation, but it becomes particularly troubling in habeas corpus. Surely the Court will not extend today's definition to that area of the law.

Perhaps the Court will attempt to limit today's definition to this particular section of the Transportation Code on the theory that this case involves the use of the phrase "final conviction" as an element of an offense. Because it is an element of an offense, this differentiates it from cases involving enhancement provisions and habeas corpus jurisdiction. But what about other offenses in which "final conviction" is an element? Presumably the Court's holding would apply to those statutes. Consider Penal Code § 46.04, involving possession of a firearm by a felon. Although that statute criminalizes possession of a firearm by one "who has been convicted of a felony," we have stated that this means a final conviction.[6] If today's rule is applied to § 46.04, a person could do the same thing with that offense as with driving with a suspended license. After being convicted of a felony on September 1, the person would be guilty of illegally possessing a firearm on September 2, because his conviction on September 1 was initially final. Then, on September 3, the person could file notice of appeal in the prior conviction, rendering it retroactively non-final and rendering himself retroactively not guilty of an offense under § 46.04. This just cannot be the law. It makes more sense to say that the prior conviction is not final until the time period for filing notice of appeal has expired. This gives the defendant a comprehensible time limit in which he will be permitted to engage in other conduct without being guilty of an additional offense and avoids changing the rules on either the defendant or the State in the middle of the game.

### Conclusion

I believe Jones's conviction for marijuana possession was not final at the time that he drove his car on August 22, 1998. Therefore, I would conclude that the Court of Appeals was correct in finding the evidence of Jones's guilt insufficient. Because the majority concludes otherwise, I dissent.

---

6. *Ramirez v. State*, 527 S.W.2d 542, 544 (Tex. Crim.App.1975) (interpreting previous version of statute, § 46.05, with same language as current statute).