NO. 07-04-0100-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 16, 2005


______________________________



LELAND RAY MILBURN



 Appellant


v.



THE STATE OF TEXAS,



 Appellee 

_________________________________



FROM THE 31st DISTRICT COURT OF HEMPHILL COUNTY;



NO. 2533; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________




Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

 Leland Ray Milburn appeals his conviction for possessing a controlled substance. 
His two issues concern whether the trial court erred in refusing to instruct the jury on
probation and in admitting an exhibit evincing a prior misdemeanor conviction for
possessing marijuana. We affirm.

 Underlying the first issue is the question of whether appellant had previously been
convicted of a felony. Though previously convicted of one days before being tried for the
offense giving rise to this appeal, appellant argues that the conviction could not be deemed
final since it was still subject to appeal. That is, appellant does not argue that the
conviction was appealed but that the time within which an appeal could be perfected had
not lapsed. And, because of this, the prior conviction could not be considered final for
purposes of determining appellant's entitlement to probation. We disagree.

 The Court of Criminal Appeals recently held: ". . . when there is no evidence that
a defendant ever filed a notice of appeal, a conviction is deemed to be final on the date of
sentencing." Jones v. State, 77 S.W.3d 819, 820 (Tex. Crim. App. 2002). (2) We are cited
to no evidence of record indicating that, at the time this cause was tried, the prior conviction
of which appellant speaks was appealed. Nor does our review of the record uncover any
such evidence. So, because one cannot receive probation if previously convicted of a
felony, see Tex. Code Crim. Proc. Ann. art. 42.12, §4(e) (Vernon Supp. 2004-2005)
(stating that a defendant is eligible for community supervision or probation if before trial
begins the defendant files a sworn motion stating that he has not previously been convicted
of a felony, among other things), and nothing of record illustrates that his prior felony
conviction had been appealed, then the trial court was not obligated to instruct the jury on
probation. 

 As to the admission of the prior misdemeanor conviction for possessing marijuana,
we find the error, if any, was waived. This is so because by the time appellant objected,
he, through his counsel, had already solicited testimony about the conviction. Having
personally introduced evidence of the conviction earlier, appellant cannot complain when
the State also addresses the subject. Heidelberg v. State, 36 S.W.3d 668, 672 (Tex. App.
-Houston [14th Dist.] 2001, no pet.)

 Moreover, the ground underlying appellant's complaint on appeal was not mentioned
at trial. Here, he relies on Rule 609 of the Texas Rules of Evidence to assert that only a
prior felony conviction could be used to impeach a witness and the conviction at issue was
simply a misdemeanor. Yet, appellant said nothing of Rule 609 below, relying instead upon
Rules 403 and 404(b). Because the grounds uttered now were unmentioned at trial, they
were and are waived. See Tex. R. App. P. 33.1; Santellan v. State, 939 S.W.2d 155, 171
(Tex. Crim. App.1997) (holding that the grounds asserted on appeal must comport with
those raised at trial otherwise they are waived). 

 Accordingly, we overrule both issues of appellant and affirm the trial court's
judgment.


 Brian Quinn

 Chief Justice


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Appellant asks that we not follow Jones. Given that it is an opinion of the Court of Criminal Appeals,
we must follow it.



0 L.Ed.2d 889 (1968). Appellant
did not file a written pretrial motion to suppress evidence. However, in a hearing outside the
presence of the jury before the State began its case, the court entertained the testimony of
Hawkins regarding his investigative detention of appellant on June 6, 2002. Following the
testimony, appellant urged the court to suppress any testimony or evidence relating to the
complainant's driver's license. Appellant argued that Hawkins exceeded the scope of the
investigative detention, a Terry stop, when he removed the driver's license from appellant's
back pocket. As a result, appellant continued, any subsequent evidence, including
statements by appellant, should be suppressed as fruit of the poisonous tree. The trial court
denied his motion to suppress the driver's license, but granted it "as to the manner in which
the driver's license was obtained." Appellant then requested, and the trial court granted him,
a running objection to any line of questioning regarding the driver's license. At trial, however,
when the State offered the complainant's driver's license into evidence, appellant announced,
"We have no objection, Your Honor." The license was then admitted into evidence. 

 It is well settled that when a pretrial motion to suppress evidence is overruled, the
defendant need not subsequently object at trial to the same evidence in order to preserve
error on appeal. Moraguez v. State, 701 S.W.2d 902, 904 (Tex.Cr.App. 1986). However, if
at trial the defendant states he has "no objection" when the evidence is offered, he waives
his admissibility complaint. Welch v. State, 993 S.W.2d 690, 694 (Tex.App.-San Antonio
1999, no pet.); but cf. Taylor v. State, 82 S.W.3d 134, 137 (Tex.App.-San Antonio 2002, no
pet.) (stating "no further objections" impliedly references the pretrial motion to suppress and,
thus, does not waive error). Here, in spite of the running objections he requested and
received at the pretrial hearing, appellant expressly announced he had no objection to the
admission of the driver's license when it was offered by the State at trial. As a result, he has
presented nothing for our review. Appellant's first point of error is overruled. 

 By his second point, appellant claims the trial court failed to instruct the jury,
simultaneous to the admission of the prior convictions, on the limited purpose for which the
convictions were admitted. We disagree. Outside the presence of the jury, appellant
objected to the admission of the prior convictions on the basis of remoteness. Appellant
requested, in the alternative, that the jury be provided with a contemporaneous limiting
instruction when the convictions were admitted. The court overruled both objections. When
the State attempted to impeach appellant, in the jury's presence, with evidence of his prior
convictions for five felonies and one misdemeanor theft, appellant again objected to their
admission and, alternatively, requested a contemporaneous limiting instruction. The court
overruled the objection and announced it would deliver that instruction in the court's charge
instead. The court then told the jury:

 With regard to the request for a contemporaneous instruction to the jury, the
jury will be instructed in the Charge by the Court that these matters are being
used for the purpose of impeachment only of the - and for the determination
of the credibility of the witness at this time. 


Thus, while the court purported to overrule appellant's objection, it, nonetheless, instructed
the jury on the limited purpose for which the jury could consider appellant's prior convictions. 
Thus, appellant received all that he requested, and cannot be heard to complain on appeal. 


 Assuming, arguendo, the trial court failed to provide a contemporaneous limiting
instruction, we conclude that error, if any, did not affect appellant's substantial rights because
it had no substantial or injurious effect or influence in determining the jury's verdict. See Tex.
R. App. P. 44.2(b); see also King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). The
prior convictions were introduced through appellant, the last witness to testify on the last day
of trial. Then, following a short conference outside the presence of the jury, the trial court
charged the jury on the law applicable to the case, including the limited purpose for which the
jury could consider appellant's prior convictions. Given the short amount of time that passed
from the introduction of the prior convictions to the trial court's reading of the instructions to
the jury, we conclude the trial court's error, if any, did not affect a substantial right. Lemmons
v. State, 75 S.W.3d 513, 525 (Tex.App.-San Antonio 2002, pet. ref'd). Appellant's second
point of error is overruled.

 Accordingly the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice


Do not publish.