NUMBERS
13-04-188-CR

 

                         COURT OF APPEALS                   

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

                                             

MIGUEL CAMPOS, III,                                               Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 156th
District Court

                              of Bee
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                 Before Justices
Rodriguez, Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant Miguel Campos, III, appeals the judgment of conviction and
sentence for the offense of failure to stop and render aid in which the trial
court revoked his community supervision.[2]  We conclude that the appeal is frivolous and
without merit.  We affirm.  

I.  BACKGROUND

On December 14, 2000, Campos pleaded guilty to a two count indictment
alleging failure to stop and render aid after a vehicular accident involving
injuries to two occupants in the other vehicle. 
Pursuant to an agreed punishment recommendation, the trial court
deferred adjudication, assessed a fine of $1,000, and, after a pre-sentence
investigation, placed Campos on community supervision for a term of eight
years.  During the term of this deferred
adjudication probation, the State filed a motion to adjudicate guilt asserting
Campos violated the terms of his probation. 
On July 25, 2002, as a result of the State=s motion, which was based in part on a new felony
indictment for burglary of a building, the trial court adjudicated Campos
guilty, placed Campos on regular community supervision for a term of six years,
and assessed a $1,000 fine.  








Ultimately, the State filed a motion to revoke Campos=s regular community
supervision.  On February 19, 2004,
following an evidentiary hearing, the trial court revoked community supervision
and sentenced Campos to five years confinement in the Texas Department of
Criminal JusticeBInstitutional
Division.  Campos filed a timely notice of appeal.  Campos=s court-appointed appellate counsel filed a brief in
which he concludes that the appeal is frivolous.  See Anders v. California,
386 U.S. 738, 744-45 (1967).  

                                         II.  DISPOSITION

Campos was
required to raise any complaints involving the original plea proceeding in the
first case, in which the trial court imposed deferred adjudication probation,
through an appeal taken at the time.  See Tex. Code Crim. Proc. Ann. art. 44.01(j)
(Vernon Supp. 2003); see also Nix
v. State, 65 S.W.3d 664, 667
(Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999).  He did
not do so.  Further, no appeal
lies from the trial court=s decision to
adjudicate guilt.  See Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b) (Vernon
Supp. 2004-05); see also Connolly v.
State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  Campos also could have
appealed, at the time, the trial court=s imposition of
regular community supervision, but he did not do so.  See Corley v. State, 782 S.W.2d 859, 860
(Tex. Crim. App. 1989).  Thus, we would
be required to overrule as untimely any arguable issues in the original
imposition of deferred adjudication probation or the imposition of regular
community supervision.  See Tex. R. App. P. 26.2(a).  However, Campos=s appeal requires exercise of our review power to
the extent it relates to the revocation of his community supervision after his
plea of true.  See Feagin v. State,
967 S.W.2d 417, 419 (Tex. Crim. App. 1998). 
We turn first to Anders counsel=s professional evaluation of any arguable issues
on appeal.








                                                 A.  Anders Brief

Court-appointed counsel filed a brief in which he concludes that the
appeal is frivolous.  See Anders,
386 U.S. at 744-45.  Counsel has certified
that (1) he diligently reviewed the entire appellate record; (2) in his
opinion, the appeal is frivolous because the record reflects no reversible
error; (3) in his opinion, there are no grounds on which an appeal can be
predicated; (4) he served a copy of the appellate brief on Campos at the time
of filing; and (5) he informed Campos by accompanying letter that it is the
opinion of counsel that the appeal is without merit and that Campos has the
right to review the records and file a pro se brief raising any issue on appeal
or complaint he may desire.  See
Anders, 386 U.S. at 744‑45; see also High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Campos has not filed a pro se brief.  See McMahon v. State,
529 S.W.2d 771, 772 (Tex. Crim. App. 1975).

          Counsel
has caused to be provided as part of the appellate record a clerk=s record of the
proceedings of each stage of the case, including the initial plea, the initial
sentencing, the motion to adjudicate guilt and the sentencing, the motions to
revoke community supervision, the judgment adjudicating guilt, and the final
judgment revoking community supervision. 
Counsel has caused to be provided a reporter=s record of the
hearing on the State=s motion to
revoke.  In the absence of evidence to
the contrary, we presume the regularity of the trial court's judgment and
records. Jones v. State, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002). In
the appellate brief, counsel asserts there are no arguable points of
error.  








An Anders brief
must provide references to both legal precedent and pages in the record to
demonstrate why there are no arguable grounds to be advanced.  High, 573 S.W.2d at 812.  Counsel=s brief does not
advance any arguable grounds of error, but does contain a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  Currie v.
State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974).  While arguable grounds of error should be
advanced by counsel as required by Anders, if there are any, we do not
interpret Anders as requiring appointed counsel to make arguments
counsel would not consider worthy of inclusion in a brief for a paying client,
or to urge reversal if in fact counsel finds no arguable issue to appeal.  Id.  
We hold that counsel=s brief is not the Aconclusory statement@ decried by Anders.  Id. 


Next, we independently
review the record for error, as we must, with regard to the regular community
supervision revocation proceedings.  See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Ybarra v. State,
93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2002,
no pet.).  

                               B.  Independent Review of the Record








The State=s motion to revoke
alleged that Campos violated the terms and conditions of his community
supervision ordered in both cases that required that he:  (1) neither commit nor be convicted of any
offense against the laws of the State of Texas or the United States or any
other state, (2) avoid injurious habits and abstain from the use of controlled
substances or dangerous drugs not prescribed by a physician, (3) abstain from
the consumption of alcohol, and (4) observe a curfew and remain in his
residence from 10:00 p.m. until 5:30 a.m. 
The State alleged Campos violated these terms and conditions by (1)
possessing and using cocaine, (2) possessing and using marijuana, (3) appearing
in a public place under the influence of an alcoholic beverage, and (4)
appearing in a public place outside of curfew hours. 

Campos pleaded true to
each of the allegations.  The trial court
accepted Campos=s plea of true and
found true the allegations that he violated the terms and conditions of his
community supervision. 








Campos=s plea of true
supported revocation of his community supervision.  See Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979). 
Moreover, our review of the record reveals no jurisdictional defects in
the revocation proceeding.  The indictment conferred jurisdiction on the trial
court and provided Campos with sufficient notice. Tex. Const. art. V, ' 12; Tex.
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05); Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  Further, the motion to revoke provided Campos
with sufficient notice of the violations alleged by the State and satisfied the
requisites of due process.  See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977).  Also, the records reveal that the trial court
properly admonished Campos before he pleaded true and that his plea of true was
knowing and voluntary.  See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  We find no arguable error in the
revocation proceeding.      During the sentencing phase, defense counsel
asked the trial court to assess a four-year term of imprisonment.  Campos testified that his main problem was
substance abuse.  He admitted he was not
successful at probation.  The court
revoked community supervision and imposed penitentiary time.  We review a sentence imposed by the trial
court for abuse of discretion.  Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  As a general rule, to preserve error for
appellate review, Campos must have made a timely, specific objection, at the
earliest opportunity, and obtained an adverse ruling.  Tex.
R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex.
Crim. App. 1991).  Campos did not object
at sentencing on any basis.  We find that
he forfeited any challenge to the sentence imposed in the case.  See Rhoades v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996).  Moreover,
the sentence assessed was within the statutorily permissible range and was
based on admissible evidence introduced at the revocation proceeding.  See Jordan v. State, 495 S.W.2d 949,
952 (Tex. Crim. App. 1973).  Further, the
sentence is not an illegal sentence.  Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (legality of
sentence  as authorized by law).  We find no arguable error in the sentencing
phase of the revocation proceedings.  

                                                  C.  Conclusion

Accordingly, our
independent review of the record finds that Campos=s appeal is
frivolous.  We conclude that the appeal
is without merit.  We affirm the judgment
and sentence of the trial court.  

 








                                    D.  Motion to Withdraw

An appellate court may
grant counsel's motion to withdraw filed in connection with an Anders
brief.  Moore v. State, 466 S.W.2d
289, 291 n.1 (Tex. Crim. App. 1971); see Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App.1991) (noting that Anders brief should
be filed with request for withdrawal from case).  Counsel in this case has requested to
withdraw from further representation of Campos on appeal.  We hereby order counsel to advise Campos of
the disposition of this case and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997).  We grant
counsel=s  motion to withdraw as court-appointed counsel
on appeal.

 

 

ERRLINDA CASTILLO

Justice

Do Not Publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 30th day of June,
2005.  











[1] 
See Tex. R.
App. P. 47.2, 47.4.





[2] 
Without enhancement, the offense of failure to stop and render aid after
an accident resulting in injury or death is punishable by imprisonment in the
Texas Department of Criminal Justice for not more than five years, confinement
in the county jail for not more than one year, a fine of up to $5,000, or both
a fine and term of imprisonment or confinement. 
See Tex. Transp. Code Ann.
' 550.021(c) (Vernon 1999).