NUMBERS
13-04-488-CR

 

                         COURT OF APPEALS                   

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

ANTONIO CORONADO,                                             Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 347th
District Court

                           of Nueces
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                       Before Justices
Ya_ez, Castillo and Garza

                        Memorandum Opinion by
Justice Castillo

 








Appellant Antonio Coronado appeals the judgment of conviction and
sentence for the offense of evading detention while using a vehicle.[2]  The trial court revoked his community
supervision.  We conclude that the appeal
is frivolous and without merit.  We
affirm. 

I.  BACKGROUND








On August 7, 2003, Coronado pleaded guilty to an indictment alleging
that he intentionally fled arrest or detention, while using a vehicle.  Pursuant to an agreed punishment
recommendation, the trial court sentenced Coronado to two years in a State jail
facility, suspended for five years, and assessed a fine of $1,000.  On June 10, 2004, during the term of community supervision, the State
filed a motion to revoke, asserting Coronado violated the terms and conditions
of his probation.  The State based its motion to revoke
community supervision on two new criminal offenses, namely criminal mischief
and possession of marihuana, and Coronado's failure to report and pay his
monthly supervision fee.  On August 5,
2004, the trial court convened a hearing, and Coronado pleaded true to the four
counts alleged in the State's motion to revoke. 
The trial court revoked community supervision and sentenced Coronado to
eighteen months' confinement in a State jail facility.  Coronado
filed a timely notice of appeal.  Coronado's court-appointed appellate counsel filed a
brief in which she concludes that the appeal is frivolous.  See Anders v. California,
386 U.S. 738, 744-45 (1967).   

                                         II.  DISPOSITION

Coronado was
required to raise any complaints involving the imposition of  regular community supervision at the original
proceeding, but he did not do so.  See
Corley v. State, 782 S.W.2d 859, 860 (Tex. Crim. App. 1989) (en banc); see
also Tex. R. App. P. 25.2(a)(2).  Thus, we would be required to overrule as
untimely any arguable issues in the original imposition of regular community
supervision.  See Tex. R. App. P. 26.2(a).  However, Coronado=s appeal requires
exercise of our review power to the extent it relates to the revocation of his
community supervision after his plea of true. 
See Feagin v. State, 967 S.W.2d 417, 419 (Tex.
Crim. App. 1998).  We turn first to Anders
counsel's professional evaluation of any arguable issues on appeal.

                                                 A.  Anders Brief








Court-appointed counsel filed a brief in which she concludes that the
appeal is frivolous.  See Anders,
386 U.S. at 744-45.  Counsel has
certified that (1) she diligently reviewed the entire appellate record; (2) in
her opinion, the appeal is frivolous because the records reflect no reversible
error; (3) in her opinion, there are no grounds on which an appeal can be
predicated; (4) she served a copy of the appellate brief on Coronado at the
time of filing; and (5) she informed Coronado by accompanying letter that it is
the opinion of counsel that the appeal is without merit, that Coronado has the
right to review the records, and the right to file a pro se brief raising any
issue on appeal or complaint he may desire. 
See Anders, 386 U.S. at 744‑45; see also High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Coronado
has not filed a pro se brief.  See
McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App.
1975).

Counsel has
caused to be provided as part of the appellate record a clerk's record of the
proceedings of each stage of the case, including the initial plea, the initial
sentencing, the motion to revoke community supervision, the judgment on
Coronado's guilty plea, and the final judgment revoking community
supervision.  Counsel has caused to be
provided a reporter's record of the hearing on the initial guilty plea and of
the State's motion to revoke.  In the
absence of evidence to the contrary, we presume the regularity of the trial
court's judgment and records.  Jones
v. State, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002).  In the appellate brief, counsel asserts there
are no arguable points of error.  








An Anders
brief must provide references to both legal precedent and pages in the record to demonstrate why
there are no arguable grounds to be advanced. 
High, 573 S.W.2d at 812. 
Counsel's brief does not advance any arguable grounds of error, but does
contain a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App.
1974).  While arguable grounds of error
should be advanced by counsel as required by Anders, if there are any,
we do not interpret Anders as requiring appointed counsel to make
arguments counsel would not consider worthy of inclusion in a brief for a
paying client, or to urge reversal if in fact counsel finds no arguable issue
to appeal.  Id.  We hold that counsel's brief is not the
"conclusory statement" decried by Anders.  Id. 


Next, we independently review the record for error, as we must, with
regard to the regular community supervision revocation proceedings.  See Penson v. Ohio, 488 U.S. 75,
80 (1988); see also Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christ 2002, no
pet.).   

                               B.  Independent Review of the Record

The State's motion to revoke alleged that Coronado violated the terms
and conditions of his community supervision which required that he (1) neither
commit nor be convicted of any offense against the laws of the State of Texas
or the United States or any other state, (2) report monthly to his probation
officer, and (3) pay the court-ordered monthly supervision fee.  The State alleged Coronado violated these
terms and conditions by (1) committing criminal mischief, (2) possessing
marihuana, (3) failing to report, and (4) failing to pay his court-ordered monthly
supervision fee. 

Coronado pleaded true to each of the allegations.  The trial court accepted Coronado's pleas of
true and found true the allegations that he violated the terms and conditions
of his community supervision. 








Coronado's pleas of true supported revocation of his community
supervision.  See Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).  Moreover, our review of the record reveals no
jurisdictional defects in the revocation proceeding.  The
indictment conferred jurisdiction on the trial court and provided Coronado with
sufficient notice.  Tex. Const. art. V, ' 12; Tex.
Code Crim. Proc. Ann. art. 4.05 (Vernon 2005); Duron v. State,
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997) (en banc).  Further, the motion to revoke provided
Coronado with sufficient notice of the violations alleged by the State and
satisfied the requisites of due process. 
See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977).  Also, the records reveal that the trial court
properly admonished Coronado before he pleaded true and that his plea of true
was knowing and voluntary.  See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998) (per curiam).  We find no arguable
error in the revocation proceeding.  








During the
sentencing phase, defense counsel asked the trial court to assess a sentence of
eighteen months in a State jail facility. 
The trial court revoked community supervision and imposed a sentence of
eighteen months in a State jail facility. 
We
review a sentence imposed by the trial court for abuse of discretion.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984) (en banc).  As a
general rule, to preserve error for appellate review, Coronado must have made a
timely, specific objection, at the earliest opportunity, and obtained an
adverse ruling.  Tex. R. App. P. 33.1; Turner v. State, 805 S.W.2d
423, 431 (Tex. Crim. App. 1991) (en banc). 
Coronado did not object at sentencing on any basis, including abuse of
discretion.  We find that he forfeited
any challenge to the sentence imposed in the case.  See Rhoades v. State, 934 S.W.2d 113,
119-20 (Tex. Crim. App. 1996) (en banc). 
Moreover, the sentence assessed was within the statutorily permissible
range and was based on admissible evidence introduced at the revocation
proceeding.  See Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  Further, the sentence is not an illegal
sentence.  See Mizell v. State,
119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding that a sentence that is
outside the range of punishment is unauthorized by law and therefore
illegal).  We find no arguable error in
the sentencing phase of the revocation proceedings.   

                                                  C.  Conclusion

Accordingly, our independent review of the record finds that
Coronado's appeal is frivolous.  We
conclude that the appeal is without merit. 
We affirm the judgment and sentence of the trial court.  

 

D.  Motion to Withdraw

An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc)
(noting that Anders brief should be filed with request for withdrawal
from case).  Counsel in this case has
requested to withdraw from further representation of Coronado on appeal.  We hereby order counsel to advise Coronado of
the disposition of this case and the availability of discretionary review.  See Ex parte Wilson, 

 








956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (en banc) (per curiam). 
We grant counsel's motion to withdraw as court-appointed counsel on
appeal.

 

 

ERRLINDA
CASTILLO

Justice

Do Not
Publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and filed

this
21st  day of July, 2005.  











[1] 
See Tex. R. App. P. 47.2 & 47.4.





[2] 
See Tex. Pen.
Code Ann. _ 38.04(a) (Vernon 1979).  The offense is a state jail felony
offense.  Tex. Pen. Code Ann.
_ 38.04(b)(1) (Vernon 1979).