

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00495-CR

Terrance Antyon **MCKINNEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10279
Honorable Frank J. Castro, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
   Karen Angelini, Justice
   Irene Rios, Justice

Delivered and Filed: June 13, 2018

AFFIRMED

Terrance Antyon McKinney was convicted by a jury of possession of a controlled substance. His sentence was enhanced by two prior felony convictions, and the trial court sentenced him to twenty-five years' imprisonment. On appeal, McKinney contends the evidence is legally insufficient to establish he possessed the controlled substance or that one of his prior convictions was final. We affirm the trial court's judgment.

### BACKGROUND

Officer Christopher Hetrick and Officer Salvador Hernandez were conducting surveillance of a motel at night while working for the problem oriented policing unit which is a unit that patrols

to find crimes in progress. The motel was a known location for narcotics activity, and Officer Hernandez testified he previously pulled several vehicles over after they left the motel and had arrested "close to 50 people" for possession of narcotics or outstanding warrants.

While conducting surveillance, the officers were watching for vehicles that arrived at the motel and then left after staying only a brief amount of time. After noticing a white truck arrive and leave after a short amount of time, the officers followed the truck and observed several traffic violations. The officers initiated a traffic stop, and the truck pulled over. Three individuals were in the two-door, extended-cab truck. Officer Hetrick approached the driver's side of the vehicle, and Officer Hernandez approached the passenger side.

As the officers approached the truck, Officer Hetrick testified they were looking for furtive movements such as reaching under a seat, reaching into a visor, or quickly moving around in the vehicle because such movements indicate the person could be hiding something or retrieving a weapon. When Officer Hernandez shined his flashlight at the back passenger window, he saw the back seat passenger, who was later identified to be McKinney, fumbling below his feet. Because Officer Hernandez felt threatened, he verbally commanded McKinney to show his hands several times. When McKinney failed to cooperate, Officer Hernandez drew his gun. After Officer Hernandez's gun was drawn, McKinney complied. Because the front seat had to be moved forward before the back seat passenger could exit, Officer Hernandez commanded the front seat passenger to exit while Officer Hetrick maintained watch on the driver and the back seat passenger. As Officer Hernandez was removing McKinney from the truck, he saw a baggie containing narcotics on the floor of the vehicle in the area where McKinney's feet previously had been. The forensic scientist from the Bexar County Crime Lab subsequently tested the narcotics and determined the narcotics were cocaine. A videotape of the officers following the vehicle and the activity after the traffic stop also was admitted into evidence.

**SUFFICIENCY: POSSESSION**

In his first issue, McKinney contends the evidence is legally insufficient to establish he was in possession of the controlled substance.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Griffin v. State*, 491 S.W.3d 771, 774 (Tex. Crim. App. 2016); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The jury is the sole judge of the weight and credibility to be given to the evidence, and we must give deference to the reasonable inferences drawn by the jury. *Griffin*, 491 S.W.3d at 774; *Adames*, 353 S.W.3d at 860. Inferences drawn by the jury must be "reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 17 (Tex. Crim. App. 2007). "[A]s long as the verdict is supported by a ***reasonable inference***, it is within the province of the factfinder to choose which inference is most reasonable." *Thornton v. State*, 425 S.W.3d 289, 304 (Tex. Crim. App. 2014) (internal quotation omitted) (emphasis in original).

A conviction for unlawful possession of a controlled substance requires the State to prove: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017) (providing a person commits the offense of possession of a controlled substance by knowingly or intentionally possessing a controlled substance); *see id*. at § 481.002(38) (defining possession to mean "actual care, custody, control, or management"). When the accused is not in exclusive possession of the place where the contraband was found, the State is required to show additional "affirmative links" between the contraband and the accused. *Blackman v. State*, 350 S.W.3d 588, 594-95 (quoting

*Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005)); *see also Evans*, 202 S.W.3d at 162 (noting "presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish [possession] beyond a reasonable doubt"). Texas courts have recognized the following non-exclusive list of "affirmative links" as "sufficient, either singly or in combination, to establish a person's possession of contraband:"

- the defendant's presence when a search is conducted;
- whether the contraband was in plain view;
- the defendant's proximity to and the accessibility of the narcotic;
- whether the defendant was under the influence of narcotics when arrested;
- whether the defendant possessed other contraband or narcotics when arrested;
- whether the defendant made incriminating statements when arrested;
- whether the defendant attempted to flee;
- whether the defendant made furtive gestures;
- whether there was an odor of contraband;
- whether other contraband or drug paraphernalia were present;
- whether the defendant owned or had the right to possess the place where the drugs were found;
- whether the place where the drugs were found was enclosed;
- whether the defendant was found with a large amount of cash; and
- whether the conduct of the defendant indicated a consciousness of guilt.

*Evans*, 202 S.W.3d at 162 n.12. These factors do not comprise "an independent test of legal sufficiency." *Id.* at 161–62 n.9. Instead, they "are simply some factors which may circumstantially establish the legal sufficiency of the evidence to prove a knowing 'possession.'" *Id*. at 162 n.12. "[T]he key legal question is whether the circumstances, in conjunction with a defendant's presence, justify a conclusion that the defendant knowingly possessed the contraband." *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). "It is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *Evans*, 202 S.W.3d at 166. "[A]bsence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *Jones*, 466 S.W.3d at 260 (internal quotation omitted).

In this case, McKinney was present when the search was conducted, and the cocaine was in plain view after McKinney was removed from the back seat. McKinney was the only person

sitting in the back seat, and the cocaine was located in the area where McKinney's feet had been and where McKinney had been making the fumbling, furtive movements. The jury could also infer McKinney's conduct in failing to respond to Officer Hernandez's repeated commands to show his hands indicated a consciousness of guilt. We hold the logical force of the combined circumstantial evidence in this case, coupled with reasonable inferences from them, is sufficient to establish, beyond a reasonable doubt, that McKinney exercised actual care, custody, control, or management of the cocaine. *See Tucker v. State*, 183 S.W.3d 501, 510 (Tex. App.—Fort Worth 2005, no pet.) (holding evidence sufficient when appellant was only person sitting in back seat, officer observed him "appearing to stuff something down in between the back seats," and drugs were in plain view in the area where the appellant had been seated).

### SUFFICIENCY: FINALITY OF ENHANCEMENT

In his second issue, McKinney asserts the evidence was legally insufficient to prove one of his prior convictions was final. McKinney bases this argument on the placement of the word "ADVISED" in the judgment evidencing the conviction as follows:

McKinney argues the notation shows an appeal was filed; therefore, the State had the burden of producing evidence that a mandate was issued in the appeal in order to prove the finality of the conviction.

To establish that an appellant was convicted of a prior offense, the State is required to prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). When faced with a silent record regarding finality, we presume that the conviction is final once the State provides

prima facie evidence of an enhancement conviction. *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). Accordingly, "when the State offers into evidence a certified copy of a judgment and sentence, it has made a prima facie case that the conviction reflected in the judgment and sentence is a final conviction … absent any evidence to the contrary." *Jones v. State*, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002). "If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact." Id. at 823. If the defendant offers evidence that the judgment was appealed or the prior conviction shows on its face that the conviction was appealed, the State is required to prove beyond a reasonable doubt that the conviction has been affirmed and mandate has issued. *See Fletcher*, 214 S.W.3d at 8; *Ex parte Chandler*, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005); *Jones*, 77 S.W.3d at 823.

In this case, we disagree with McKinney that the word "advised" is evidence that his conviction was appealed. Instead, we conclude the judgment reflects that McKinney was advised about his right to appeal. "The right to take an appeal[, however,] does not equal the pendency of an appeal" or the filing of an appeal. *Jones*, 77 S.W.3d at 824. "Only when there is evidence that the defendant actually perfected an appeal is the conviction deemed to be lacking finality." *Id*. Because the record in this case contains no evidence that McKinney actually perfected an appeal, the evidence offered at trial was sufficient to establish the conviction was final.

## CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice

DO NOT PUBLISH