# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-23-00369-CR

---

Paul Douglas Chaney,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
18th District Court of Johnson County, Texas
Judge Sydney B. Hewlett, presiding
Trial Court Cause No. DC-F202300268

---

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Paul Douglas Chaney was convicted of one count of evading arrest or detention with a vehicle/deadly weapon, enhanced as a habitual offender, and one count of possession of a controlled substance, methamphetamine, enhanced. *See* TEX. PENAL CODE § 38.04(b)(2)(A); TEX. HEALTH & SAFETY CODE § 481.115(b). Punishment was assessed at 75 and 20 years in prison, respectively. Because the trial court did not abuse its discretion in denying

Chaney's motion to suppress or in failing to exclude punishment evidence, the trial court's judgments of conviction as to Count One and Count Two are affirmed.

## MOTION TO SUPPRESS

In two issues, Chaney complains the trial court erred in denying his motion to suppress his statements to police and the drug evidence located in his pocket.

We review a trial court's ruling on a motion to suppress evidence or statements for an abuse of discretion and overturn the ruling only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *Wexler v. State*, 625 S.W.3d 162, 167 (Tex. Crim. App. 2021); *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). We conduct a bifurcated standard of review, giving almost total deference to a trial court's findings of historical fact and reviewing the application of the law to those facts de novo. *Wexler*, 625 S.W.3d at 167; *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). When the trial court makes explicit fact findings, as in this case, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

The trial judge "'is the sole trier of fact and judge of the credibility of the

witnesses and the weight to be given their testimony' when entertaining a motion to suppress." *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007) (quoting *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)); *Richardson v. State*, 494 S.W.3d 302, 304 (Tex. App.—Waco 2015, no pet.). The trial court is entitled to believe or disbelieve all or part of a witness's testimony—even if that testimony is uncontroverted—because the court is in the best position to observe the witness's demeanor and appearance. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

### Drug Evidence

In his first issue, Chaney contends the trial court erred in denying Chaney's motion to suppress the methamphetamine eventually located in Chaney's pocket. Chaney asserts that the officers exceeded their scope in continuing to conduct multiple searches incident to Chaney's arrest after the first of such searches resulted in no contraband located.

Although Chaney cited caselaw regarding the standard of review for a motion to suppress and whether a search incident to arrest is an exception to the warrant requirement, Chaney cites no authority for his proposition that the officers exceeded their scope in conducting "multiple" searches incident to Chaney's arrest. Accordingly, this issue is improperly briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878,

896 (Tex. Crim. App. 2011); *see also Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.).

Chaney's first issue is overruled.

### *Statements*

Chaney next argues that the trial court erred in denying Chaney's motion to suppress the oral statements Chaney made incident to his arrest which led to the discovery of the methamphetamine in his pocket because the statements were made pursuant to custodial interrogation and without *Miranda* warnings.

Pursuant to *Miranda v. Arizona*, the United States Supreme Court has held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Alford v. State*, 358 S.W.3d 647, 653 (Tex. Crim. App. 2012), (quoting *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)). The word, "interrogation" refers to (1) express questioning and (2) "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Alford*, 358 S.W.3d at 653 (quoting *Rhode Island v. Innis*, 446 U.S.

291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980)). This test "focuses primarily upon the perceptions of the suspect, rather than the intent of the police" in determining whether the suspect was coerced to provide incriminating information while in custody. *Id.*

The record reflects that Cleburne Police officers conducted a felony stop and arrest of Chaney. As such, Chaney was instructed to get on his knees with his hands on his head. Chaney complied and was placed in handcuffs. Officers searched Chaney incident to his arrest, but no contraband or weapons were found. Before being placed in the patrol car, officers informed Chaney that the patrol car was currently "clean" and needed to remain that way, or Chaney "would catch another charge." Chaney then made a statement that he thought he had something in his pocket. When informed that the pocket had been searched and was empty, Chaney told the officers that it may be in his watch pocket. As Chaney's watch pocket was searched, Chaney stated, "I'm not going to lie to y'all, why would I?" A small baggie of a white substance was located in Chaney's watch pocket.

Based on the evidence, Chaney was not "interrogated" as that term has been defined when he told the officers something might be in his pocket. Chaney was not expressly asked anything that would reasonably be likely to elicit an incriminating response. Chaney volunteered that he was sure he had

something in his pocket, and when told that his pocket was empty, he again volunteered that maybe something was in his watch pocket.

Using its own recollection and reviewing the record of the motion to suppress hearing and the officer's body-cam video, the trial court made findings of fact and concluded that Chaney's statements were made freely and voluntarily without compulsion or persuasion. The evidence, when viewed in the light most favorable to the trial court's ruling, supports the trial court's factual findings. Further, reviewing de novo the application of those findings to the law, the trial court did not abuse its discretion in denying the motion to suppress Chaney's statements that led to the discovery of the methamphetamine.

Accordingly, Chaney's second issue is overruled.

## PUNISHMENT EXHIBITS

In his third issue, Chaney contends the trial court erred by admitting into evidence State's Exhibits 11 and 13, two of multiple prior judgments of convictions the State offered and admitted at the punishment phase of the trial, because there was no evidence that those convictions were final.

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). "The trial court does not abuse its discretion unless its

determination lies outside the zone of reasonable disagreement." *Id.*

After the State establishes that a defendant has been previously convicted, a conviction is presumed final in the absence of controverting evidence. *See Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990); *see also Jones v. State*, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002). If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact. *Jones*, 77 S.W.3d. at 823.

Here, the State offered into evidence certified copies of two prior judgments of convictions, State's Exhibits 11 and 13, at the punishment phase of the trial. Chaney offered no evidence to show that those judgments were set aside, vacated or appealed. Accordingly, the convictions were presumed to be final, and the trial court did not abuse its discretion in admitting State's Exhibits 11 and 13 into evidence.

Chaney's third issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments of conviction as to Count One and Count Two.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  May 15, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
Do Not Publish
[CRPM]

